NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allen James Robinson,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-19-04336-PHX-SRB<br><br>**ORDER** |

    Petitioner, Allen Robinson filed his Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus on May 31, 2019 raising four grounds for relief. Petitioner first claims he was denied the right to personally make the decision to testify and that trial counsel's failure to advise him about his right to testify constituted ineffective assistance of counsel. Petitioner's second claim is that his conviction was obtained through prosecutorial misconduct arising from improper and prejudicial comments made by the prosecutor during trial and in summation. Third, Petitioner argues that his trial counsel was ineffective in failing to conduct a reasonable pre-trial investigation. Petitioner's fourth claim is one of cumulative error.

    Respondents answered on October 1, 2019 arguing that claims one, two and four were procedurally defaulted because they were not raised in the Arizona Court of Appeals and that claim three failed on the merits. Petitioner filed his Reply on December 30, 2019.

    The Magistrate Judge issued her Report and Recommendation on May 29, 2020 concluding that claim one was procedurally defaulted but also failed on the merits, claim

two and claim three failed on the merits and claim four was procedurally defaulted. The Magistrate Judge recommended that the Petition be denied and dismissed with prejudice and that a Certificate of Appealability be denied. Petitioner filed timely written objections on July 27, 2020. Respondents filed a Response on August 7, 2020.

## CLAIM ONE OBJECTION

The Magistrate Judge concluded that Petitioner's claim that he was denied his right to testify was unexhausted because he did not raise this claim in state court, the claim was procedurally defaulted because a return to state court to assert this claim would be futile based on Arizona procedural rules and Petitioner had not shown cause and prejudice or a fundamental miscarriage of justice to excuse the procedural fault. The Magistrate Judge also concluded that the claim lacked merit because the record cited by Petitioner made clear that he was aware of his right to testify and elected not to.

In his Objection, Petitioner argues that the Magistrate Judge misconstrued his claim as a denial of his right to testify when it is a claim of ineffective assistance of trial counsel who failed to explain that he had a right to testify. He also claims he raised this claim to both the trial court and the appellate court in his Petition for Post-Conviction Relief and in his Petition for Review. But a review of these filings show that Petitioner never raised a claim that he was denied the right to testify at trial or that his counsel was ineffective in failing to explain his right to testify. In his Petition for Post-Conviction Relief Petitioner argued that trial counsel was ineffective for several reasons including his claim that he didn't testify at trial because his trial counsel wanted him to admit to being at the crime scene and because he didn't trust his lawyer. (Doc.13-1 at 118-119) In his Petition for Review he told the Court of Appeals the same thing. (Doc. 13-1 at 173). Petitioner never made the claim he makes here that he did not understand his right to testify or that his counsel was ineffective in failing to explain it to him. Petitioner has procedurally defaulted this claim without excuse.

The Court also agrees with the Magistrate Judge that even if this claim were not procedurally defaulted it is without merit. As cited in the Report and Recommendation,

Petitioner's own filings show that he knew he had the right to testify, that he and his lawyer had discussed it, that the court confirmed his decision not to testify and that the decision was made by Petitioner.

Petitioner's objections to the Magistrate Judge's Report and Recommendation recommending the denial of Petitioner's first claim are overruled.

## CLAIM TWO OBJECTION

Petitioner's second claim is prosecutorial misconduct. Petitioner argues the prosecutor made improper statements in summation and presented false testimony during trial. Although Respondents argued that this claim was procedurally defaulted the Magistrate Judge found that it was only partially so. The Magistrate Judge concluded that Petitioner had raised the claim that the prosecutor presented false testimony in his state court appeal but had failed to raise his claim about improper vouching of a witness and disparaging defense counsel in closing arguments. The Magistrate Judge concluded that the claim of prosecutorial misconduct alleging the offering of false testimony failed on the merits because Petitioner did not establish that either of the witnesses he claimed gave false testimony lied. As the Magistrate Judge noted, both witnesses made inconsistent statements but inconsistent statements do not prove a witness lied. She concluded that Petitioner failed to establish that the prosecutor committed misconduct in presenting the testimony of these witnesses.

In his Objections, Petitioner argues that the Magistrate Judge erred because he had in fact established that the witnesses lied.  In support, however, he points again only to the inconsistent statements these witnesses had given before trial as compared to their trial testimony. Petitioner's argument is that these witnesses should not have been believed at trial. He repeats only the same points he made in his Petition explaining all of the reasons these witnesses should not have been believed rather than presenting any evidence that they lied at trial and that the prosecutor knew it.

Petitioner's objections to the Magistrate Judge's recommendation to deny his second claim are overruled.

CLAIM THREE OBJECTIONS

Petitioner's claims of ineffective assistance of trial counsel are several. He claims a failure by his trial counsel to obtain the medical records of the victim of the aggravated assault. The Magistrate Judge rejected this claim because, while Petitioner argues that the records could have been used to impeach the victim, he failed to identify what these records would show and offered only speculation. The Magistrate Judge concluded that even if counsel were deficient in not obtaining these records, Petitioner cannot show prejudice.

Petitioner also argued that his trial counsel was ineffective in failing to obtain a fingerprint analysis of certain items of evidence. The Magistrate Judge concluded that Petitioner again only speculates about what this analysis would show and concludes that sound trial strategy could explain why the analysis was not requested in light of all the other evidence implicating Petitioner in the crimes of conviction. The Magistrate Judge also points to trial counsel's impeachment of a state witness about the state's failure to test for fingerprints on the firearm and bullets as indicative of this trial strategy. The Magistrate Judge concluded Petitioner failed to demonstrate ineffective assistance from the failure to obtain fingerprint analysis.

The Magistrate Judge concluded that the ineffective assistance claim relating to the failure to call certain named witnesses was procedurally defaulted as these witnesses were never mentioned in Petitioner's state court post-conviction relief proceedings. The Magistrate Judge also found these claims also failed on the merits because no witness statements or affidavits or even a proffer of their statements were included with the Petition.

Another ineffective assistance claim raised by Petitioner is that his trial counsel should have moved to suppress his confession. But the only statement Petitioner made that was admitted at trial was the one he made to his girlfriend that he shot somebody. The Magistrate Judge noted that Petitioner's statement to his girlfriend was not the result of law enforcement or custodial questioning and, therefore, there can be no ineffective assistance for failing to move to suppress Petitioner's statement to his girlfriend.

Finally, Petitioner asserts that his trial counsel was ineffective in failing to file pre-trial motions, give him discovery and investigate his case. The Magistrate Judge found that this claim fails because Petitioner failed to specify what motions should have been filed, what discovery he was not provided and what investigation was not done.

On the ineffective assistance of counsel claims the Magistrate Judge concludes that Petitioner has failed to show that the trial court's rejection of these claims of ineffective assistance were contrary to *Strickland v. Washington,* 466 U.S. 668 (1984) or were based on an unreasonable determination of the facts.

Petitioner's objections are identical to the arguments he made in his Petition on his claims of ineffective assistance of trial counsel and are not directed at demonstrating what portions of the Report and Recommendation are incorrect. Moreover, this Court's review of the Petition, the Report and Recommendation and the Objections show that the Magistrate Judge correctly concluded that Petitioner had failed to demonstrate ineffective assistance of trial counsel.

Petitioner's Objections to the Magistrate Judge's recommendation to deny his third claim of ineffective assistance of trial counsel is overruled.

## CLAIM FOUR OBJECTION

The Magistrate Judge rejected Petitioner's claim that his conviction should be overturned based on cumulative errors finding that this claim had not been raised in state court on direct appeal or in post-conviction relief proceedings and was therefore procedurally defaulted. Petitioner argued in his Reply that this claim had been presented to the state court in his supplemental brief on appeal. The Magistrate Judge reviewed that supplemental brief and found no claim of cumulative error raised.

In his objections to the Magistrate Judge's recommendation on cumulative error, Petitioner again says that this claim was raised in his supplemental brief to the Arizona Court of Appeals and directs the Court to that brief but not to any specific portion or language in the brief where this claim is raised.  The balance of the objection is a re-argument of the points raised in his Petition going to the merits of his arguments about

cumulative error.

This Court has also reviewed the 15-page handwritten supplemental brief Petitioner filed with the Arizona Court of Appeals and like the Magistrate Judge found no cumulative error claim raised.

Petitioner's Objections to the Magistrate Judge's recommendation that Petitioner's fourth claim of cumulative error was procedurally defaulted is overruled.

CONCLUSION

The Court agrees with the Magistrate Judge that the Petition for Writ of Habeas Corpus should be denied and dismissed with prejudice. Claims one and four are procedurally defaulted without excuse and additionally claim one fails on the merits. The claims of prosecutorial misconduct are without merit as are the claim of ineffective assistance of trial counsel. Petitioner's Objections are overruled.

IT IS ORDERED overruling Petitioner's objections to the Report and Recommendation of the Magistrate Judge.

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court.

IT IS FURTHER ORDERED that Petitioner's Petition for Writ of Habeas Corpus is denied and dismissed with prejudice.

IT IS FURTHER ORDERED denying a Certificate of Appealability because Petitioner has not made a substantial showing of the denial of a constitutional right and because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

. . .
. . .
. . .
. . .
. . .
. . .

IT IS FURTHER ORDERED directing the Clerk to enter judgment accordingly.

Dated this 18th day of August, 2020.

_____
Susan R. Bolton
United States District Judge

- 7 -